# THE UNITED STATES ELECTRIC LIGHTING COMPANY

*v.*

# ROSS.

### APPELLATE PRACTICE ; INTERLOCUTORY ORDERS.

1. The discretion conferred upon this court in the allowance of appeals from interlocutory orders of the court below, by Section 7 of the act of Congress of February 9, 1893, is not to be exercised in favor of allowing such appeals except upon pressing emergency and when serious injustice might be effected by the delay in getting an appeal to this court in regular course of proceeding ; and this must be made affirmatively to appear by the party desiring the appeal.
2. An appeal will not be allowed from an interlocutory order denying an injunction in favor of an electric lighting company claiming

an exclusive monopoly in the matter of lighting streets, as the rights of such company will not be defeated or lessened by having to abide the ordinary judicial procedure for their determination.

3. On appeal from an interlocutory order denying an injunction and discharging a restraining order previously granted, the appellate court cannot restore such restraining order, or grant a new one to take its place, as the function of the temporary restraining order ceases when the prayer for injunction is refused.

Submitted December 2, 1896. Decided December 17, 1896.

HEARING on a petition by complainant for the allowance of an appeal from an interlocutory order denying an injunction and discharging a rule and restraining order previously granted against the defendants. *Denied.*

*Mr. J. M. Wilson* and *Mr. James K. Redington* for the petitioner.

*Mr. A. S. Worthington,* for the Commissioners of the District of Columbia, and *Mr. J. J. Darlington,* for the Potomac Electric Power Company, opposed.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an application for the allowance of an appeal to this court from an order of the Supreme Court of the District of Columbia, denying an injunction, and discharging a rule and a restraining order previously granted against the defendants. The application is made under that provision of the act of Congress of February 9, 1893, relating to this court, which provides by its seventh section, " that appeals shall be allowed to said Court of Appeals from all interlocutory orders of the Supreme Court of the District of Columbia, or by any justice thereof, whereby the possession of property is changed or affected, such as orders for the appointment of receivers, *granting injunctions*, dissolving writs of attachment, and the like ; and also from any other interlocutory order, in the discretion of said Court of Appeals,

*whenever it is made to appear* to said court upon petition, *that it will be in the interest of justice to allow such appeal."*

We have had occasion, more than once, to declare that the discretion conferred upon this court in the allowance of appeals under the provision of the statute just referred to, is not to be exercised in favor of allowing such appeals, except upon pressing emergency, and when serious injustice might be effected by the delay in getting an appeal to this court in regular course of proceeding. As declared by the statute, the party desiring the appeal must make it appear affirmatively, that justice requires that the appeal should be allowed, and that injustice will likely be done if the appeal is not at once allowed. Unless this be shown affirmatively, there is no ground for the exercise of the discretion of the court, nor for the departure from the regular and ordinary proceedings in the prosecution of appeals from orders from which the right of appeal is given irrespective of the discretion of the court.

The petitioners pray that the preliminary restraining order dissolved by the court below be restored, or that another restraining order be passed by this court, to take the place of the one that was discharged by the court below. But this cannot be done here. Such orders are of a preliminary nature, and are intended only for *interim* purposes, and whether such order shall be passed in any case is a matter within the discretion of the court to which the application is made for an injunction. The statute provides "that upon motion for an injunction, the court or judge thereof may, if there appear to be danger of irreparable injury from delay, grant an order restraining the act sought to be enjoined, until the decision upon the motion ; and such order may be granted with or without security, in the discretion of the court or judge." Rev. Stats. U. S., Sec. 718. Here the motion for the injunction has been decided and the prayer for injunction refused ; and with that decision the office and sole function of the temporary restraining order ceased,

and was no longer operative. There is no practice or statutory power that would allow an appellate court to grant a restraining order upon the defendants and the court below, until the final determination of the case, either in the court below or the appellate court. An appeal could not be entertained for the purpose of obtaining such restraining order.

The only question therefore, that could be presented to this court as an appellate tribunal, on the appeal now sought to be obtained, is, whether the court below was right or wrong in refusing to grant the injunction prayed for. If the complainants, instead of invoking the judgment of the court simply upon the question as to whether an injunction should issue, had submitted the case upon bill and answer for final determination, and allowed the court to dispose of the case by a decree dismissing the bill, as would doubtless have been done on the view entertained by the court, then the case would have been in a condition for an appeal to this court as matter of right, and to the Supreme Court of the United States upon adverse decision. But the case has not been disposed of in the court below; the bill is still left pending there, and no decision by this court on the appeal now sought to be taken would be conclusive and prevent further litigation. If this court were to reverse the order of the court below, and say that an injunction ought to issue, upon the granting of the writ or the refusal of a motion to dissolve the same, the defendants would have a right to appeal under the statute; and thus accumulate appeals without finally settling and terminating the litigation—all the proceedings being of a mere interlocutory character. Whereas, if an appeal be brought up from a final decree, the whole controversy could be definitely settled in regular course of proceeding, either by this court, or the Supreme Court of the United States, if the losing party should desire to go to the court of last resort. Without such final decree neither party would have the right of appeal to the Supreme Court.

But apart from this view of the case, the facts stated in the petition of the applicants for the appeal, utterly fail to show that the appeal prayed for is so far in the interest of justice as to require its immediate allowance. Without in the least intimating an opinion as to the legal rights asserted by the petitioners, we cannot fail to observe that their right as claimed is founded solely upon a monopoly in respect to a matter committed to the administrative functions of the Commissioners of this District, and which affects the public interest at large, and may affect it prejudicially. The applicants are not dispossessed of any possessory rights of property or any mere rights of easement, in the streets of the city; and if the right to an exclusive monopoly in the matter of lighting the streets be in the petitioners for this appeal, as claimed by them, it is not perceived how that right will be to any extent defeated by the disallowance of the appeal prayed for; for if the claim made by the petitioners be a legal and exclusive one, as alleged, their rights will be ultimately declared by the courts, and they will not be prejudiced by what may be done in the meantime. Their rights, whatever they may be, will not be defeated or lessened by having to abide the ordinary judicial procedure for their determination.

*Application for appeal denied, and petition therefor dismissed.*